**POTAMKIN CADILLAC CORPORATION,**
Plaintiff,

v.

**TOWNE CADILLAC CORPORATION,**
Defendant.

**No. 81 Civ. 1784 (KTD).**

United States District Court,
S.D. New York.

July 5, 1984.

Philip I. Beane, New York City, for plaintiff.

Lester Schwab, Katz & Dwyer, New York City, for defendant, Thomas Catalano, New York City, of counsel.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge.

Plaintiff, Potamkin Cadillac Corporation ("Potamkin"), a Pennsylvania corporation with its principal place of business in New York, brought this diversity action against defendant, Towne Cadillac Corporation ("Towne"), a New Jersey corporation with its principal place of business in New Jersey, alleging unfair competition under New York law. The case has been on the court's suspense calendar since May 1981.

Potamkin advertises itself as the "largest Cadillac dealer in America." Potamkin, in fact, does sell more Cadillacs than any other dealer in the United States. Defendant Towne also sells Cadillacs. Potamkin brought this action alleging unfair competition when Towne began proclaiming itself the "number one seller of Cadillacs" in its advertisements. Towne contends that proclaiming itself the "number one seller of Cadillacs" is unactionable "puffing" and moves to dismiss or, in the alternative, for summary judgment. For the following reasons, defendant's motion is denied.

Under New York law, the essence of plaintiff's claim of unfair competition is that the defendant has misappropriated advantages gained through the skill, labor, or expense of the plaintiff. *Saratoga Vichy Co., Inc. v. Lehman*, 625 F.2d 1037, 1044 (2d Cir.1980); *Electrolux Corp. v. Val-Worth, Inc.*, 6 N.Y.2d 556, 567–68, 190 N.Y.S.2d 977, 986, 161 N.E.2d 197, 203 (1959). Potamkin alleges that through its advertising efforts the public has come to recognize it as the largest volume dealer of Cadillacs. Potamkin further alleges that Towne's advertisements proclaiming itself the "number one seller of Cadillacs" tend to deceive the public, discredit Potamkin's reputation, and divert potential customers from Potamkin. According to Potamkin, a substantial portion of its business depends on its reputation as being the largest volume seller of Cadillacs; prospective Cadillac buyers prefer Potamkin because its size carries consequent connotations of being well-established and able to provide a full range of services. Thus, Potamkin alleges that Towne's advertisements tend to misappropriate a competitive advantage that Potamkin has gained by advertising its size. Such allegations sufficiently state a claim of unfair competition. *See id.* Therefore, defendant's motion to dismiss is denied, and I turn to its alternative summary judgment motion.

On a motion for summary judgment, the moving party has the burden of showing that there are no material facts unresolved and that it is entitled to judgment as a matter of law. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Moreover, the available facts must be viewed in the light most favorable to the opposing party. *Id.*

Towne claims that calling itself the "number one seller of Cadillacs" is no more than unactionable "puffing." Sellers are expected in their advertisements to extoll or even exaggerate the virtues of their product, or the advantages of buying from them. *See Union Car Advertising v. Collier*, 263 N.Y. 386, 398, 189 N.E. 463, 468 (1934). Such puffing, however, is permissible only where the ordinary purchaser would not be deceived by the exaggerated claims. *Quinby & Co. v. Funston*, 13 Misc.2d 134, 137, 177 N.Y.S.2d 736, 739 (1958). The ordinary purchaser must recognize the puffery for what it is, and realize that he is not expected to rely on the claims made. *See* Callman, Unfair Competition, Trademarks and Monopolies § 5.19 at 105–06 (4th ed. 1981).

The meaning of defendant Towne's claim to be the "number one seller of Cadillacs" is ambiguous. If Towne is simply claiming to be the best Cadillac dealer, the claim is patently puffing on which the ordinary purchaser clearly would not

rely. If this were all that Towne's advertisement could mean, Towne would be entitled to summary judgment. Towne's advertisement, however, also may be construed to mean that Towne is the largest volume seller of Cadillacs. Towne has given no evidence that the ordinary purchaser does not so construe it. Interpreted this way, the claim leaves at least one issue of fact unresolved: whether Towne's claim to be "the number one seller" misappropriates a competitive advantage that Potamkin has obtained through advertising its size to ordinary consumers. Although it appears highly unlikely that plaintiff will be able to establish favorably this fact, likelihood of success on the merits does not entitle the moving party to summary judgment. *See American International Group, Inc. v. London American International Corp.,* 664 F.2d 348, 351 (2d Cir.1981).

In conclusory fashion and without formal motion plaintiff requests summary judgment in its favor. Plaintiff obviously has done nothing to substantiate its claim. Therefore, its frivolous request is denied.

Defendant Towne's motion to dismiss or, alternatively, for summary judgment is denied. This case will remain on the suspense docket of this Court.

SO ORDERED.